**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES *ex rel.* HEATHCOTE ) <br> HOLDINGS CORP, INC., Relator ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> REVLON INC., and REVLON CONSUMER ) <br> PRODUCT, CORPORATION ) <br> ) <br> Defendants. ) <br> ) | Case No. 10-cv-1936 <br><br> Judge Mathew Kennelly |

**RELATOR HEATHCOTE HOLDINGS CORP, INC.'S SUPPLEMENTAL RESPONSE
IN OPPOSITION TO DEFENDANTS' MOTIONS TO STAY AND DISMISS**

HEATHCOTE HOLDINGS CORP, INC., as qui tam relator on behalf of the United States ("Relator"), submits this Supplemental Response to REVLON INC. and REVLON CONSUMER PRODUCT, CORPORATION'S ("Defendants") Motions to Stay and Dismiss:

1. Relator alleges that Defendants have violated 35 U.S.C. § 292 by falsely marking various cosmetic products with expired United States Patent No. 4,861,179 with the intent of deceiving the public into believing that the products are still covered by a valid patent.

2. Defendants have moved to stay this case, claiming two pending Federal Circuit appeals "are likely to announce controlling law on *qui tam* standing and the legal test for intent to deceive, both of which are issues raised by Revlon's Motion to Dismiss." Dkt. No. 9, p. 1.

3. One of the subject appeals, *Pequignot v. Solo Cup*, was decided today by the Federal Circuit and is attached as Exhibit A. As Relator predicted, the Federal Circuit court affirmed its earlier definition of the burden of proof on the issue of intent in the case of *Clontech Labs, Inc. v. Invitrogen, Corp.*, 406 F.3d 1347 (Fed. Cir. 2005). Exhibit A, pp. 11-16. The *Pequignot* court held that the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a intent

to deceive the public in marking a product with an expired patent. *Id*. at 12. The remainder of the opinion focused on a fact specific analysis of whether defendant Solo Cup had rebutted that inference based on the discovery in the case.[1] Because the burden of proof required to prosecute a Section 292 remains the same as it was under *Clontech*, there is no longer any basis to stay or dismiss this case based on the *Pequignot v. Solo Cup* appeal.

4. Having said that, one point of the court's opinion directly rejects an argument raised in Defendants' Motion to Dismiss. Defendants argue "the articles here, which are both covered by claims of an expired patent and by claims of several other currently valid patents, are not "unpatented articles." Dkt. 6, p. 10. The *Pequignot* court rejected this defense:

> We agree with Pequignot that an article covered by a now-expired patent is "unpatented." As the district court pointed out, "[a]n article that was once protected by a now-expired patent is no different [from] an article that has never received protection from a patent. Both are in the public domain." Furthermore, as the court held, an article that is no longer protected by a patent is not "patented," and is more aptly described as "unpatented." As it is no longer patented, the public need not fear an infringement suit any more than if it were never patented.

Exhibit A at p. 9 (citations omitted).

5. As discussed in Relator's Opposition to Defendants' Motion to Dismiss, Relator has adequately alleged that Defendants acted with "intent to deceive." Accordingly since *Pequignot* court affirmed the standards of proof it applied in *Clontech*, and *Pequignot* expressly held that marking a product with an expired patent (like Patent No. 4,861,179 in this case) is *prohibited* by Section 292, Defendants' Motion to Dismiss should be denied. Whether

---

[1] Solo Cup's defense to the suit was that it had relied on advice of counsel. The court reviewed the facts of the case (and the fact that Mr. Pequignot did not provide any evidence to refute Solo's defense) and held as follows: "we agree with Solo that it successfully rebutted the presumption." *Id*. at 13. In the present case, no such defense has been advanced. Accordingly, the affirmance of the district court's fact-specific holding has absolutely no application to the present case.

Defendants acted with "intent to deceive" is a factual issue to be decided at summary judgment or at trial, and after discovery.

6. Finally, Since the *Stauffer* appeal (the second basis for the requested stay) is not even fully briefed, it makes no sense to stay this case, especially in light of the fact that the Federal Circuit in *The Forest Group, Inc. v. Bon Tool Company*, 590 F.3d 1295 (Fed. Cir. 2009) rejected the standing argument that is at issue in *Stauffer* (after *Stauffer* was decided by the district court), the U.S. Attorney's Office has sided with the relator/appellant to reverse the district court, and Judge Shadur sua sponte rejected an identical Article III argument citing *The Forest Group* decision. *See, Zojo Solutions, Inc. v. The Stanley Works*). *See* Exhibit B, pp. 3-4.

WHEREFORE, for the above reasons, Relator respectfully requests that this Court **(a)** deny the Defendants' Motion to Stay on the basis that the *Pequignot* appeal has been decided and *Stauffer* appeal is not even fully briefed and that it was already decided against a false-marker in *The Forest Group* appeal; and **(b)** Deny Defendants' Motion to Dismiss to the extent that the *Pequignot* appeal rejected argument that expired patents are not "unpatented articles" as Defendants allege in their motion and the *Pequignot* appeal did not alter the burden of proof as it previously recognized in *Clontech Labs*.

Respectfully submitted,

**Attorney for Relator HEATHCOTE HOLDINGS CORP, INC.**

By: /s/ James C. Vlahakis

James C. Vlahakis
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
t 312-704-3715 f 312-704-3001
jvlahakis@hinshawlaw.com

**Certificate of Service**

I hereby certify that on June 10, 2010, I electronically filed the above document with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system.

By: /s/ James C. Vlahakis
James C. Vlahakis
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
t 312-704-300
f 312-704-3001
jvlahakis@hinshawlaw.com

6575054v2 912860 57483