**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES *ex rel.* HEATHCOTE ) <br> HOLDINGS CORP, INC., Relator ) <br> ) <br>            Plaintiffs, ) <br> v. ) <br> ) <br> REVLON INC., et al., ) <br> ) <br>            Defendants. ) | Case No. 10-cv-1936 <br><br> Judge Mathew Kennelly |

**PLAINTIFF/RELATOR HEATHCOTE HOLDINGS CORP, INC.'S MOTION TO DISMISS RELATOR PAUL LUKA'S DUPLICATIVE *QUI TAM* LAWSUIT**

NOW COMES, Plaintiff/Relator HEATHCOTE HOLDINGS CORP, INC., as *qui tam* relator on behalf of the United States ("Relator"), and moves to dismiss Relator Paul Luka's duplicative lawsuit pursuant to the "first-to-file" rule and FRCP 21, and in support states:

**I.    Introduction**

1. Relator alleges that Defendants have violated Section 292 of the Patent Act (35 U.S.C. § 292) by falsely marking various "Fabulash" mascara products with *expired* Patent No. 4,861,179 with the intent of deceiving the public into believing that the products are still covered by a valid patent. *See* Complaint, ¶¶ 19, 25, 30, 35, 40, 45 and 50 (Exhibit A). On June 10, 2010, the Federal Circuit held that expired patents fall within the conduct prohibited by § 292. *Pequignot v. Solo Cup*, 608 F.3d 1356, 1361 (Fed. Cir. 2010). On September 1, 2010, this Court denied Defendants' Motion to Dismiss and Stay. Dkt. No. 26.

2. Relator Heathcote, on behalf of the United States, filed this suit on March 26, 2010. On May 4, 2010, Relator Paul Luka filed an identical lawsuit, identifying the same patent (No. 4,861,179) and the same "Fabulash" mascara product as identified in the present Complaint. *See Luka v. Revlon,* Case No. 10 C 2509 (Exhibit B, ¶ 2). Among other cases, Mr. Luka has also

filed duplicative *qui tam* claim in a case involving Defendant Stanley Tools. *See* Complaint in *Zojo v. Stanley Tools*, Case No. 10 C 1175 (Exhibit C) and Complaint in *Luka v. Stanley Tools,* Case No. 10 C 2773 (Exhibit D). Mr. Luka's suit against Stanley was filed 3 months after Stanley Tools was first sued. Had Luke conducted Pacer searches of his target defendants prior to filing his suits, he would have learned of the earlier filings.

3.	Revlon moved to consolidate Luka's case based upon the duplicative nature of his claims (Exhibit E) and Revlon's motion was granted on May 19, 2010 (Dkt. No. 17).

4.	Consistent with FRCP 1, which promotes the just, speedy and inexpensive determination of civil actions, attorney for Relator Heathcote has repeatedly requested that Mr. Luka non-suit his duplicative cause of action. Mr. Luka has refused to do so.[1]

## II.	Plaintiff Paul Luka's Lawsuit Should Be Dismiss Under the "First to File" Rule

5.	Procedurally, FRCP 21 provides that on motion by one party "the court may at any time, on just terms, drop a party." Here, the first-to-file rule requires the dismissal of Luka's duplicative claims.

6.	As an initial matter, Judge Shadur dismissed Luka's duplicative suit against Stanley Tools under the "first to file" rule. *See* July 20, 2010 Order in *Luka v. Stanley Tools* (Exhibit F). While Judge Shadur did not cite to any particular case in dismissing Luka's duplicative suit, it is axiomatic that the first-to-file rule would apply with equal force to *qui tam* claims brought pursuant to Section 292 of the Patent Act.

7.	Subsequently, Judge Lindberg dismissed a second-filed lawsuit in *Simonian v. The Quigley Corp.*, 2010 WL 2837180 (N.D. Ill. 2010) (Exhibit G). Judge Lindberg relied on *United States v. B.F. Goodrich Co.*, 41 F. Supp. 574 (S.D. N.Y. 1941) which held: "[t]he person

---

[1] Relator Heathcote has incurred fees in responding to the pending motions to stay and dismiss brought by the Defendants. Mr. Luka has filed nothing and has not offered to contribute in any way to the drafting of the briefs in opposition to the pending motions.

who first commences a qui tam, or popular action, attaches a right in himself, which no other common informer, by a subsequent suit, can divest; and he may demur to a plea of a recovery in such subsequent suit." *Id* at 575.

7. As Judge Lindberg discussed, the Supreme Court has held that a relator's standing is premised upon his status as an assignee of the government's cause of action. *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773-74 (2000). Once the assignment has been effected by the first plaintiff's filing, others are excluded from obtaining that assignment from the government. Exhibit G (citing *B.F. Goodrich*, 41 F. Supp. 574 ("[O]ne plaintiff should not be permitted to bring and maintain at the same time more than one action for the same relief. The only plaintiff in an action such as this must be the United States, no matter who brings it on its behalf.")). Therefore, subsequent filers such as Luka "can have no standing." *Id*. at 575.

8. To recap, the government's cause of action pursuant to Section 292 of the Patent Act has already been asserted in the first filed case brought by Relator Heathcote. Therefore, Luka cannot also be in possession of the government's cause of action. Accordingly, there is no basis to allow Mr. Luka's suit to proceed when he is suing Defendants on the identical patent and the identical product.

WHEREFORE, Relator respectfully requests that this Court dismiss Mr. Luka's duplicative lawsuit with prejudice.

**Attorney for Plaintiff HEATHCOTE HOLDINGS CORP, INC.**

By: /s/ James C. Vlahakis
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
t 312-704-300
f 312-704-3001
jvlahakis@hinshawlaw.com

3

## Certificate of Service

  I hereby certify that on September 1, 2010, I electronically filed the above document with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system. I further certify that I sent a copy of the attached to counsel for Paul Luka as indicated below:

Law Office of Jeffrey Freidman, P.C.
120 S. State Street
Suite 400
Chicago, IL 60603

            By: /s/ James C. Vlahakis
            James C. Vlahakis
            Hinshaw & Culbertson LLP
            222 North LaSalle, Suite 300
            Chicago, IL 60601
            t 312-704-300
            f 312-704-3001
            jvlahakis@hinshawlaw.com